# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEAN CONNERLY | CIVIL ACTION |
| VERSUS | NUMBER 08-4734 |
| DAVID GETHERS, ET AL. | SECTION "L" (5) |

## ORDER & REASONS

Currently pending before the Court is the Plaintiff's Motion for Remand (Rec. Doc. 7). For the following reasons, the Plaintiff's motion is now GRANTED.

I.     BACKGROUND

On August 27, 2008, the Plaintiff, Sean Connerly, filed this action in state court against David Gethers d/b/a Auto World ("Gethers") and Cooper Tire and Rubber Company. The Plaintiff alleges that he purchased two defective Cooper tires from Mr. Gethers in September 2007 and subsequently placed the tires on his Chevrolet S-1500 pickup. According to the Plaintiff, only one month after he purchased the tires, the tire on the right front passenger side of his truck separated, which caused the truck to roll over as he was driving, resulting in serious injuries.

The Plaintiff contends that the two Cooper tires that he purchased from Mr. Gethers were unreasonably dangerous because that particular type of tire is prone to tread separation failures that increase the risk of "rollovers" for vehicles such as the Plaintiff's pickup truck. The Plaintiff further alleges that the particular tire giving rise to the accident materially deviated from the manufacturer's specifications and from otherwise identical tires manufactured by Cooper Tire. According to the Plaintiff, Cooper Tire was negligent for the design and manufacture of the tire, as well as for failing to include a warning label advising of the risk of tread separation.

As to David Gethers, the Plaintiff asserts that Mr. Gethers sold him a tire that was unfit for both its general purpose and the particular purpose for which the Plaintiff intended to use the tire. The Plaintiff alleges that he relied on Mr. Gethers' skill and judgment in selecting the tires, and he contends that Mr. Gethers was aware of his particular purpose for using the tires but negligently selected a tire unfit for that purpose. Further, the Plaintiff contends that he would not have purchased the tires had he known about their redhibitory defects. As a result of his injuries from the accident, the Plaintiff seeks damages for severe spinal and neurological damage, extreme physical and mental pain and suffering, loss of quality of life, and permanent disfigurement and disability.

On October 24, 2008, Cooper Tire, an Ohio corporation, removed the action to this Court on the basis of diversity jurisdiction. Although both the Plaintiff and David Gethers are Louisiana residents, Cooper Tire argues that complete diversity exists between the parties because the Plaintiff improperly joined Mr. Gethers in an attempt to defeat diversity jurisdiction.

## II. PRESENT MOTION

The Plaintiff has filed a motion to remand this action back to state court, contending that Mr. Gethers is a properly joined defendant, thus defeating complete diversity and depriving this Court of subject matter jurisdiction over the case. According to the Plaintiff, the complaint sets forth a valid cause of action against Mr. Gethers on the basis that Mr. Gethers sold the Plaintiff tires that were unfit for their intended purpose. In response, Cooper Tire contends that remand is inappropriate because Mr. Gethers was improperly joined and therefore should not be considered for purposes of determining jurisdiction. Specifically, the Defendant argues that remand is inappropriate for two reasons: (1) Mr. Gethers has never sold any tires to the Plaintiff, let alone the tires at issue in this case; and (2) even if Mr. Gethers did sell the Plaintiff a tire, the Plaintiff

has failed to state a valid cause of action against Mr. Gethers under Louisiana law.

### III.  LAW & ANALYSIS

A defendant may generally remove a civil action filed in state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The district court must remand a removed case if at any time before final judgment it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(a). In opposing a motion to remand, the removing defendant bears the burden of demonstrating that federal jurisdiction exists and that removal was therefore proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

"The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). Fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). In determining whether a defendant has been fraudulently joined, district courts "may look to the facts as established by summary judgment evidence as well as the controlling state law." *Id.* In other words, courts are "empowered to 'pierce the pleadings' to

determine whether the plaintiff has a legitimate claim against the non-diverse party under the governing law." *Hardy v. Ducote*, 246 F. Supp. 2d 509, 511 (W.D. La. 2003). Courts may therefore consider evidence outside the pleadings, such as affidavits or deposition transcripts accompanying the notice of removal or the motion to remand. *Carriere*, 893 F.2d at 100. "Although the district court may 'pierce the pleadings' to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).

The first issue is whether Gethers ever sold a tire to the Plaintiff in the first place. Mr. Gethers has submitted an affidavit indicating that he never sold any tires to the Plainitff. In addition, Mr. Gethers attached receipts from his business over the relevant time period; none of the receipts documents a transaction with the Plaintiff. In response, the Plaintiff has submitted an affidavit stating that he did in fact purchase the tires from Mr. Gethers. In light of the high standard for demonstrating fraudulent joinder, and bearing in mind that all disputed questions of fact are to be resolved in favor of the non-removing party, the Court finds that the Defendant has not shown fraudulent joinder on this point. Both parties have submitted competing affidavits, creating a factual dispute that goes to the merits of the Plaintiff's claims. At this stage of the proceedings, however, the Court "should not conduct a full evidentiary hearing" in order to test the merits of those claims. *See Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751.

The Defendant's second argument is that the Plaintiff has failed to state a valid claim against Mr. Gethers because the Plaintiff is seeking personal injury damages for redhibitory defects in the tires. The Defendant contends that, even assuming the Plaintiff can succeed on his claims, he will not be able to recover personal injury damages, but will instead be limited to

recovering only the sale price of the tires. The Court need not resolve this particular dispute, however, because the Plaintiff has also alleged that Mr. Gethers sold him tires that were unfit for the particular purpose for which the Plaintiff intended to use them, specifically, placing them on his particular type of pickup truck. The Plaintiff further alleges that Mr. Gethers was aware of the Plaintiff's particular use for the tires but negligently selected tires that were inappropriate for his type of vehicle.

> Louisiana Civil Code Article 2524 states in pertinent part:
>
> When the seller has reason to know the particular use the buyer intends for the thing, or the buyer's particular purpose for buying the thing, and that the buyer is relying on the seller's skill or judgment in selecting it, the thing sold must be fit for the buyer's intended use or for his particular purpose.

La. Civ. Code art. 2524. The official comments to Article 2524 make clear that the buyer "may seek dissolution of the sale and damages, or just damages, under the general rule of conventional obligations. The buyer's action in such a case is one for breach of contract and not the action arising from the warranty against redhibitory defects." La. Civ. Code art. 2524, comment (b). Regardless of his eventual success or failure on the merits of his claims, the Plaintiff has at least stated a valid cause of action under Article 2524. After resolving "all ambiguities in the controlling state law" in favor of the non-removing party, and without conducting considerable additional factual development, the Court is unable to find at this stage of the proceedings that the Plaintiff has no possibility of recovery against Mr. Gethers. *See Carriere*, 893 F.2d at 100. Accordingly, the Court finds that remand is appropriate because diversity jurisdiction does not exist in this case.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion to Remand (Rec.

Doc. 7) IS GRANTED.  IT IS FURTHER ORDERED that this case be remanded to the Civil District Court, Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this  4th  day of  June , 2009.

_____
UNITED STATES DISTRICT JUDGE